# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON L. OLSON, | Case No. 19-CV-0352 (DWF/SER) |
| Plaintiff, | |
| v. | **ORDER** <br> **and** <br> **REPORT AND RECOMMENDATION** |
| SKATEVILLE, INC., | |
| Defendant. | |

This matter is before the Court on two motions of plaintiff Aaron L. Olson.

First, Olson has applied for *in forma pauperis* ("IFP") status in these proceedings. *See* ECF No. 9. The Court concludes that Olson qualifies financially for IFP status and that, although Olson does not owe a filing fee for this matter (as the fee was paid by the removing party, defendant Skateville, Inc.), other benefits of IFP status may accrue to Olson as this litigation proceeds. *See* 28 U.S.C. § 1915(c). Accordingly, the Court will grant the IFP application.

Second, Olson seeks remand of these proceedings to state court. *See* ECF No. 8. Olson acknowledges that all of the ordinary conditions of removal are present here—a federal question is presented on the face of the complaint, the notice of removal was timely filed, and so on—but nevertheless urges that the matter be remanded to state court because that forum is considerably more convenient for him.[1] As an initial matter, "when

---

[1] Olson frames this as a request for the Court to abstain from exercising jurisdiction pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800

1

a federal court has jurisdiction, it also has a virtually unflagging obligation . . . to exercise that authority." *Mata v. Lynch*, 135 S. Ct. 2150, 2156 (2015) (quotation omitted).  This action falls within the Court's jurisdiction, and thus only under extraordinary circumstances may the Court abstain from proceeding.  Moreover, that this Court has jurisdiction is due to the pleading decisions of Olson himself, who, as master of his pleading, opted to prosecute claims for relief under federal law.  Olson was wholly entitled to seek relief under federal law as well as state law, but having done so, the defendant was equally entitled to remove the proceedings brought against it to federal court.  Finally, the practical obstacles to his prosecuting this action in federal court identified by Olson are far from insuperable.  For example, although Olson alleges that he has difficulty using the District's electronic-filing system, nothing is preventing Olson from filing and receiving documents the old-fashioned way through the mails, as countless other litigants in this District do.  Accordingly, it is recommended that the motion for remand be denied.

ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the application to proceed *in forma pauperis* of plaintiff Aaron L. Olson [ECF No. 9] be GRANTED.

---

(1976).  But "a district court may utilize the *Colorado River* doctrine only 'when . . . parallel state and federal actions exist . . . .'"  *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013) (quoting *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009)).  No such parallel actions exist here.  *See Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 997 (D. Minn. 2012) ("This case involves a single proceeding—a proceeding that was started in state court and then removed to federal court.").

RECOMMENDATION

IT IS RECOMMENDED that Olson's motion for remand [ECF No. 8] be DENIED.

The hearing scheduled for April 29, 2019 on the motion for remand is CANCELED.

Dated: April 16, 2019    s/ *Steven E. Rau*
                         Steven E. Rau
                         U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).