# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron L. Olson, | Case No. 19-cv-352 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Skateville, Inc., | |
| Defendant. | |

Aaron L. Olson, 114 5th Street SE, Apt. 502, Minneapolis, MN 55414 (pro se Plaintiff); and

Christopher T. Kalla, Hanbery & Turner, P.A., 33 South Sixth Street, Suite 4160, Minneapolis, MN 55402 (for Defendant Skateville, Inc.).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff Aaron L. Olson's Notice of Motion and Motion for Clarification and for the Court's Assistance with Costs Related to Discovery (ECF No. 39) and Olson's Motion and Notice of Motion for the Court's Assistance to Meet Subpoena Requirements. (ECF No. 42). For the reasons set forth below, the Court will grant in part and deny in part the motion for clarification and for assistance with costs related to discovery. The Court will deny the motion for assistance to meet subpoena requirements.

## I. MOTION FOR CLARIFICATION AND DISCOVERY COSTS

Plaintiff Aaron L. Olson seeks clarification of several aspects of the Court's scheduling order (ECF No. 29). Among other things, he asks whether the term "factual

depositions" as used on page three of that order should instead have read "expert depositions." The Court will clarify this portion of the scheduling order. The parties shall be permitted no more than six factual depositions and two expert depositions in this matter.

The Court will not provide any additional clarification regarding the scheduling order. In his remaining requests, Olson essentially seeks legal advice regarding the scheduling order and the Federal Rules of Civil Procedure. It is not the Court's job to provide Olson legal advice. The Court expects the parties to comply with all applicable orders, rules, statutes, and other legal authorities in litigating this matter.

Olson next asks the Court to clarify its October 23, 2019 Order. (ECF No. 38). In that Order, the Court denied Olson's motion to compel and leave to amend (ECF No. 38). The District Judge affirmed that order on appeal.

In reality, Olson is not seeking clarification of the October 23 Order. Instead, he is requesting that the Court reconsider its order. *See* D. Minn. LR 7.1(j). A party may obtain permission to file a motion for reconsideration only when he or she demonstrates that the request is justified by "compelling circumstances." *Id*. Having reviewed Olson's motion, the Court concludes that he has failed to demonstrate compelling reasons to justify filing a motion to reconsider the Court's previous Order. Accordingly, the Court will deny Olson's request for "clarification" of the October 23 Order.

Olson also requests that the Court certify the October 23 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292. A matter may be certified for interlocutory appeal only if the district court is "of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will

materially advance the ultimate termination of the litigation." *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (citation omitted). Olson made a similar request to the District Judge when he appealed the October 23 Order. The District Judge did not certify the matter for interlocutory appeal.

In his request for reconsideration, Olson has offered no compelling reason why the matter should now be certified for interlocutory appeal. Olson has offered no legal authority to show the Court's decision satisfied any of the three criteria set forth above for certification under Section 1292. The Court has, however, reviewed the criteria for certification and concluded that appeal would not advance the ultimate termination of this litigation. The Court will therefore deny the motion for certification.

Finally, Olson requests that the Court advance him "witness fees, mileage fees, and court reporter fees" for two depositions. (ECF No. 38, p. 6). In support of his request, he relies on *U.S. Marshals Service v. Means*, 741 F.2d 1053 (8th Cir. 1984). There, the Eighth Circuit held that the Court could "order the United States, as a party, to advance the fees and expenses of lay and expert witnesses called by the court." *Means*, 741 F.2d at 1059. In reaching this decision, the Eighth Circuit emphasized the fact that the United States had filed suit:

> [W]here the United States brings an action and its opposition lacks funds to present indispensable defense testimony, the government plaintiff may, under the limited circumstances presented in this case, be required by the district court to advance expenses for these witnesses subject to a final award of costs to the prevailing party at the conclusion of the litigation.

*Id*. at 1059. The Eighth Circuit further explained that the discretionary power to advance the fees and expenses of witnesses should "be exercised only under compelling circumstances." *Id*.

Olson has not demonstrated the type of compelling circumstances necessary to justify the advancement of fees and expenses. Unlike the prevailing party in *Means*, Olson is not defending himself from a lawsuit brought by the United States. In fact, he is responsible for initiating this action. Furthermore, Olson has not established why the two witnesses he seeks to depose are indispensable to his case. He has not identified who the two witnesses are, what testimony he would seek to elicit from them, or even how they relate to the allegations in his complaint. The Court will therefore deny the motion for the advancement of fees and costs.

## II.  MOTION FOR ASSISTANCE TO MEET SUBPOENA REQUIREMENTS

In the second motion before the Court, Olson moves for an order compelling the Dakota County Sheriff's Office to provide him the distance between the address of a potential deponent and the federal courthouse, where he intends to conduct depositions. He argues that such an order is needed so that he can serve a subpoena with proper mileage fees. Alternatively, he asks the Court to waive all mileage fees in this matter.

At the outset, it is not clear that Olson has served the Dakota County Sheriff's Office with this motion.[1] But even if he had, Olson has not cited to any legal authority that supports his request to compel or waive the mileage fees. Nor has he established that an

---

[1] The Dakota County Sheriff's Office is not a party to this lawsuit and thus would not have received Olson's electronic filing. Olson did not provide any documentation to show that he served this motion on the Sheriff.

4

order compelling the Sheriff to provide him the mileage information is the only way to seek the relief he requests. The Court will therefore deny this motion.

## III. COMMUNICATIONS WITH THE COURT

The Court previously warned Olson that email and ex parte requests and communications were improper. (ECF No. 14, p. 2). The Court also directed him to file any non-procedural requests to the Court on the docket. (ECF No. 14, p. 2). Yet in his motion for clarification, Olson indicates that he contacted the chambers of the Magistrate Judge previously assigned to this matter for information regarding the Court's scheduling order. He has also contacted the chambers of the undersigned several times, requesting updates as to when the Court will decide his motions and demanding to speak to the undersigned's law clerks regarding his motions.

The Court hereby places Olson on notice. Should he behave in a similar manner going forward, the Court will prohibit him from contacting chambers by any means other than a letter filed on the docket. The Court will also consider other sanctions, including, without limitation, the striking of motions or other pleadings,[2] should it be clear that Olson is not conducting himself consistent with the Court's previous orders in this matter.

## IV. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Aaron L. Olson's Notice of Motion and Motion for Clarification and for the Court's Assistance with Costs Related to Discovery (ECF No. 39) is **GRANTED IN PART AND DENIED IN PART** as follows:

---

[2] This in addition to all sanctions identified in Section IV.4 below.

a. The motion is granted to the extent Olson seeks clarification of the Court's scheduling order. The parties are permitted no more than six factual depositions and two expert depositions in this matter.

   b. The motion is denied in all other respects.

2. Olson's Motion and Notice of Motion for the Court's Assistance to Meet Subpoena Requirements (ECF No. 42) is **DENIED**.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: February 14, 2020
*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Olson v. Skateville, Inc.*
No. 19-cv-352 (DWF/TNL)