UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron L. Olson, | Case No. 19-cv-352 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Skateville, Inc., | |
| Defendant. | |

Aaron L. Olson, 114 5th Street SE, Apt. 502, Minneapolis, MN 55414 (pro se Plaintiff); and

Christopher T. Kalla, Hanbery & Turner, P.A., 33 South Sixth Street, Suite 4160, Minneapolis, MN 55402 (for Defendant Skateville, Inc.).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the Objection to Notice of Deposition or (In Alternative) Request for Protective Order. (ECF No 52) and Plaintiff's Motion and Notice of Motion to Compel Discovery. (ECF No. 50). For the reasons set forth below, the Court will grant a protective order and deny the motion to compel discovery.

I. BACKGROUND

Plaintiff Aaron L. Olson has noticed the deposition of Charity Amber Billings. (ECF No. 51). Billings and Defendant Skateville, Inc. have objected to the deposition and moved for a protective order. (ECF No. 52). In support of the objection, Billings notes that an ex parte harassment restraining order is in place that prohibits all "direct or indirect contact"

between herself and Olson. (ECF No. 52-1, p. 2). A hearing is set to be held on the restraining order sometime in May 2020. (ECF No. 54, p. 2).

Olson has also moved to compel from Skateville the legal name of an individual whom he wishes to depose. (ECF No. 50). He claims that absent this person's legal name, no process server can locate and serve the notice. Attached to Olson's motion was a copy of his interrogatories to Skateville, in which he asked for the person's legal name. (ECF No. 50-1, p. 1). Skateville responded that it did not have the requested information. (*Id.*).

## II. ANALYSIS

Both of Olson's motions implicate Federal Rule of Civil Procedure 26. Under this Rule, parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To determine whether the discovery requested is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Even when the discovery is relevant, it "is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990)). Under Rule 26(c)(1), the Court "may, for good cause, issue an order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense" due to a discovery request. Fed. R. Civ. P. 26(c)(1).

The Court will grant the motion for a protective order as to Billings. Under the express terms of the harassment restraining order, there has been a finding that Olson "[f]ollowed, pursued, or stalked [Billings];" "[m]ade harassing phone calls to [Billings];" [f]rightened [Billings] with threatening behavior;" and committed acts of harassment since a previous restraining order was issued in August 2018. (ECF No. 52-1, p. 1). Moreover, Olson is a restricted filer in this District after having been found to be a vexatious litigant. *Olson v. Ramsey Cnty.*, No. 15-cv-3131, 2015 WL 5778478 (D. Minn. Oct. 1, 2015). The Court has serious concerns that Olson is utilizing the deposition as a guise, cloaked in the mantel of a legal procedure, to circumvent by a different method the protection intended in the previously issued restraining order.

In the second motion before the Court, Olson moves for an order compelling Skateville to provide the legal name of an individual who he wishes to depose. Skateville, however, indicates it does not have that information. This Court cannot compel Skateville to produce information it does not have. *Cf. VICA Coal Co., Inc. v. Crosby,* 212 F.R.D. 498, 501 (S.D. W.Va. 2003); *see also AGA Med. Corp. v. W.L. Gore & Assocs., Inc.*, No. 10-cv-3734, 2011 WL 11023511, at *13 (D. Minn. Oct. 19, 2011) (declining to order party to produce documents that party asserted it did not have in response to motion to compel). The Court will therefore deny the motion to compel. The Court expects, of course, that any responsive information be turned over promptly.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Objection to Notice of Deposition or (In Alternative) Request for Protective Order (ECF No 52) is **GRANTED**. Plaintiff Aaron L. Olson is prohibited from taking the deposition of Charity Amber Billings, absent further order of the Court.

2. Plaintiff's Motion and Notice of Motion to Compel Discovery (ECF No. 50) is **DENIED**.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: March 19, 2020

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Olson v. Skateville, Inc.*
No. 19-cv-352 (DWF/TNL)