UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron L. Olson, | Case No. 19-cv-352 (DWF/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Skateville, Inc., | |
| Defendant. | |

Aaron L. Olson, 114 Fifth Street Southeast, Holmes-Greenway Building, Apartment 502, Minneapolis, MN 55414 (pro se Plaintiff); and

Christopher T. Kalla, Hanbery & Tuner, P.A., 33 South Sixth Street, Suite 4160, Minneapolis, MN 55402 (for Defendant).

## I. INTRODUCTION

This matter is before the Court on Defendant Skateville, Inc.'s Motion to Dismiss Pursuant to Rules 37, 41, and 56, ECF No. 67, and pro se Plaintiff Aaron L. Olson's Motion to Withdraw Case, ECF No. 72.[1] These motions have been referred to the undersigned for a report and recommendation to the district court, the Honorable Donovan W. Frank, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. Based upon the record, memoranda, and proceedings

---

[1] Defendant removed this matter from state district court in Hennepin County, Minnesota. ECF No. 1. Plaintiff has been found to be a vexatious litigant in this Court and "is restricted from filing new cases in this . . . Court unless he is represented by counsel or receives prior written authorization from a judicial officer in this . . . Court." *Olson v. Ramsey Cnty.*, No. 15-cv-3131 (DWF/JSM), 2015 WL 5778478, at *3, 6-7 (D. Minn. Oct. 1, 2015). Plaintiff has also been determined to be a frivolous litigant in state district court in Ramsey County, Minnesota, and had similar filing restrictions placed on him in the "family court division." *Ramsey Cnty. v. Olson*, Nos. A16-1490, A16-1668, 2017 WL 3862730, at *3, 6-7 (Minn. Ct. App. Sept. 5, 2017).

1

herein, it is recommended that Defendant's motion be granted in part and denied in part, Plaintiff's motion be granted in part and denied in part, and this matter be dismissed with prejudice.

## II. ANALYSIS

On one thing the parties agree: neither Plaintiff nor Defendant is interested in pursuing this matter any longer. Each has requested that this matter be dismissed. Defendant requests that this matter be dismissed for Plaintiff's failure to respond adequately to discovery despite repeated demands that he do so. Defendant argues that Plaintiff's conduct warrants a sanction of dismissal with prejudice under Rule 37 or amounts to a failure to prosecute under Rule 41. Alternatively, Defendant moves for summary judgment under Rule 56, arguing that "[b]y failing to participate in discovery, Plaintiff has deprived Defendant of any opportunity to investigate the factual merits of [his] claims." Def.'s Mem. in Supp. at 12-13, ECF No. 69.

In response, Plaintiff requests that he be permitted to voluntarily "withdraw" this case, which the Court has construed as a motion for voluntary dismissal under Rule 41(a)(2). *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). Alternatively, Plaintiff requests that he be given a three-month extension of time to respond to Defendant's motion, relying on a generic assertion of "disability and the pandemic conditions" without expressly articulating what sort or type of "extreme hardship" he purportedly faces. Mot. to Withdraw at 2.

"A dismissal pursuant to Rule 41(a)(2) is not one of right but rather is a matter for the discretion of the trial court." *Fougner v. I-Flow Corp.*, No. 08-cv-5157 (JRT/JJK),

2010 WL 2557761, at *2 (D. Minn. June 23, 2010) (quotation omitted); *see, e.g., Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011) (decision whether to allow voluntary dismissal "rests upon the sound discretion of the court" (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999))). When a defendant has filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2); *see, e.g., Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017); *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). A dismissal under Rule 41(a)(2) is without prejudice "[u]nless the order states otherwise." Fed. R. Civ. P. 41(a)(2).

### A. Plaintiff's Request Construed to be Dismissal With Prejudice

"[I]f the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2367 (3d ed. 2008). Here, Plaintiff did not specify whether he was seeking to dismiss his claims with or without prejudice. "When a party seeking to voluntarily dismiss a claim pursuant to Rule 41(a)(2) is silent as to whether the dismissal should be with or without prejudice, the district judge is required to interpret the motion one way or the other." *GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876, 888 (10th Cir. 2005); *see Bernacki v. Tanimura & Antle Fresh Foods, Inc.*, No. 5:13-CV-02140-EJD, 2014 WL 3090815, at *4 (N.D. Cal. July 3, 2014) ("When a plaintiff requests dismissal without specifying whether requesting with or without prejudice, the plaintiff implicitly consents to the court's determination of whether to dismiss with or without prejudice."); *see also,*

3

*e.g.*, *Kryder v. Estate of James Kemmler Rogers*, 321 F. Supp. 3d 803, 808 n.2 (M.D. Tenn. 2018); *Johnson v. Medstat EMS*, No. 4:16-CV-00078-DMB-JMV, 2016 WL 7339828, at *2 (N.D. Miss. Dec. 16, 2016); *Rucker ex rel. Rucker v. Indianola Health & Rehab. Ctr.*, No. 4:05CV78-P-B, 2006 WL 3307505, at *1 (N.D. Miss. Nov. 13, 2006).

With respect to the reasons for dismissal, Plaintiff states that "opposing counsel and the pandemic have made this case much more difficult to litigate,"[2] and "[i]t has . . . become clear throughout the course of this litigation that Defendant has no money and no assets that can be liquidated now for years."[3] Mot. to Withdraw at 1.

Plaintiff's motion comes after the parties have been litigating this case for over a year and a half. There is no indication in the motion that Plaintiff wishes to continue litigating his claims at a later date. And, as noted above, this is not a situation in which Plaintiff requested dismissal without prejudice. *See Kryder*, 321 F. Supp. 3d at 808 n.2; *contra, e.g.*, *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995); *Benney v. QuikTrip Corp.*, No. 09-4077-CV-W-FJG, 2010 WL 5463252, at *1 (W.D. Mo. Dec. 29, 2010). Recognizing that Plaintiff is proceeding pro se, the Court notes that Plaintiff previously filed a "Motion to Withdraw Action Without Prejudice, or in the alternative, Partial Objection and Motion for Time Extension," in another action, thus demonstrating an awareness of how to request dismissal without prejudice when that is the relief sought. *See generally Olson v. Counts*, No. 12-cv-218 (ADM/TNL), 2012 WL 1394594 (D. Minn. Apr.

---

[2] Previously, in an order denying Plaintiff's motion to amend the Complaint, it was noted: "Nor will this Court entertain claims against [Defendant's] attorney for acts within that attorney's purview as legal counsel to [Defendant]." ECF No. 38 at 4.
[3] The Court notes that Plaintiff has proffered no evidence in support of his characterization of Defendant's financial position.

4

23, 2012). Therefore, the Court construes Plaintiff's motion as requesting dismissal with prejudice.

### B. Dismissal Without Prejudice Otherwise Inappropriate

Even if the Court had not construed Plaintiff's motion as requesting dismissal with prejudice, dismissal *without* prejudice would not be appropriate. The primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side." *Paulucci*, 826 F.2d at 782; *accord Adams*, 863 F.3d at 1079. In determining whether to allow a party to dismiss a case voluntarily without prejudice, the Eighth Circuit Court of Appeals has stated that "a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Thatcher*, 659 F.3d at 1213-14 (quoting *Hamm*, 187 F.3d at 950); *United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars & Fifty-Six Cents ($32,820.56) in U.S. Currency*, 838 F.3d 930, 937 (8th Cir. 2016) [hereinafter *$32,820.56*]; *accord, e.g.*, *Adams*, 863 F.3d at 1080; *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017); *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014); *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013). "The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984); *accord Blaes*, 858 F.3d at 516. The Court addresses each of these factors in turn.

5

### 1. Proper Explanation

"[T]he district court must address the plaintiff's purported reason for the voluntary motion to dismiss." *Blaes*, 858 F.3d at 514 (citing *Donner*, 709 F.3d at 697); *see Donner*, 709 F.3d at 699 ("[W]e read our Rule 41(a)(2) precedent as requiring a district court to make an inquiry into whether a 'party has presented a proper explanation for its desire to dismiss.'" (quoting *Thatcher*, 659 F.3d at 1213)). "[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Thatcher*, 659 F.3d at 1214 (quoting *Hamm*, 187 F.3d at 950).

Plaintiff's motion is sparse and provides little detail in support of his proffered reasons for dismissal. At the same time, generally speaking, it is not unreasonable for a plaintiff to cease litigation through voluntary dismissal, settlement, or otherwise when the time, effort, and resources to continue are, in the plaintiff's view, no longer worth their expenditure. *Cf. $32,820.56*, 838 F.3d at 937 (exercise of prosecutorial discretion and "a desire to allocate resources elsewhere" valid reason for seeking dismissal).

Additionally, there is no indication of forum-shopping. *See, e.g.*, *Donner*, 709 F.3d at 697-99; *Thatcher*, 659 F.3d at 1214-15; *Mehle v. Trinity Highway Prods., LLC*, 131 F. Supp. 3d 857, 859-60 (D. Minn. 2015). True, there have been some unfavorable rulings for Plaintiff, including adverse discovery rulings. *See, e.g.*, ECF No. 20 (June 20, 2019) (denying motion to remand); ECF Nos. 38 (Oct. 23, 2019), 49 (Feb. 18, 2020), 57 (Mar. 19, 2020) (adverse discovery rulings). But, given (a) the temporal distance between these rulings and Plaintiff's current motion; (b) the fact that the Court most recently granted a four-month extension of discovery at Plaintiff's request, *see, e.g.*, ECF Nos. 64, 66; and (c)

the absence of any indication that Plaintiff's current motion is motivated by a prior adverse ruling, it does not appear that Plaintiff is attempting to avoid a decision of this Court.

Therefore, this factor favors voluntary dismissal without prejudice.

### 2. Waste of Judicial Time and Effort

Whether a voluntary dismissal would result in a waste of judicial time and effort generally involves consideration of the case's progression. *See, e.g.*, *Blaes*, 858 F.3d at 513; *$32,820.56*, 838 F.3d at 937; *Mullen*, 770 F.3d at 728; *Thatcher*, 659 F.3d at 1214. Unlike *Thatcher*, *Mullen*, and *$32,820.56*, this case is not in the early stages of discovery. The parties have litigated for over a year and several non-dispositive motions have been ruled upon. The discovery period has passed and Defendant has filed a dispositive motion.

The Court recognizes that voluntary dismissals have been upheld at this and later stages. *See, e.g.*, *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993) (motion for summary judgment filed); *see also, e.g.*, *Blaes*, 858 F.3d at 513 ("parties had prepared for trial for over two years, and the court had already overseen discovery and considered some pretrial motions"); *Kern*, 738 F.2d at 970 (plaintiff presented four of five witnesses at trial). These dismissals without prejudice, however, often required payment of fees and costs or other conditions. *See, e.g.*, *W.R. Grace & Co.*, 999 F.2d at 1262 (costs and fees and discovery be made available for use in subsequent proceeding); *see also Blaes*, 858 F.3d at 516 (remand for consideration of whether costs and fees should be assessed); *Kern*, 738 F.2d at 972 (remand for imposition of condition that costs and fees be paid before maintaining second action). Moreover, two of these cases resulted in a gain of certain efficiencies not present here. *Blaes*, 858 F.3d at 513-14 (more

efficient to dismiss to allow consolidation with related multi-plaintiff case in state court with an earlier scheduled trial date); *Kern*, 738 F.2d at 971 (providing plaintiff "opportunity to seek a state-court ruling on a state-law issue").

Given the advanced stage of this proceeding, the resources expended to date, and the absence of efficiencies to be gained like those in *Blaes* and *Kern*, this factor does not favor a voluntary dismissal without prejudice. Further, for the reasons discussed in the next section, conditioning a dismissal without prejudice on the payment of costs and fees—whether payable now or at later date in the event of refiling—will not adequately address the prejudice to Defendant. *Cf. W.R. Grace & Co.*, 999 F.2d at 1263; *Kern*, 738 F.2d at 970.

### 3. Prejudice to Defendant

The last factor examines prejudice to Defendant. "Legal prejudice is more than the fact that a defendant might have to defend another action." *Blaes*, 858 F.3d at 513 (citing *Kern*, 738 F.2d at 970); *accord Mullen*, 770 F.3d at 728. "In deciding whether to permit a voluntary dismissal, a district court is not limited to considering just the expenses and costs related to the lawsuit." *Paulucci*, 826 F.2d at 783. But, "[n]either 'the expense and effort of drafting and responding to discovery' nor the loss of a tactical advantage constitute legal prejudice." *Blaes*, 858 F.3d at 513 (quoting *Mullen*, 770 F.3d at 724).

This lawsuit came on the heels of a harassment restraining order obtained by Defendant's owner against Plaintiff and after Defendant provided a trespass notice to Plaintiff. *McKenzie v. Olson*, No. A18-1183, 2019 WL 2079471, at *1 (Minn. Ct. App. May 13, 2019). Compl. ¶ 8 (describing trespass notice as the "culiminat[ion]" in the

8

unraveling of his relationship with Defendant), ECF No. 1-1.  On at least two occasions, the Court has expressed serious concerns regarding Plaintiff's use of this litigation as a means of retaliation and harassment.  *See, e.g.*, ECF No. 57 at 3 ("The Court has serious concerns that Olson is utilizing the deposition as a guise, cloaked in the mantel of a legal procedure to circumvent by a different method the protection intended in the previously issued restraining order."); ECF No. 38 at 4 ("Plaintiff cannot single out persons by using a lawsuit as a means for retribution.").

For example, at one point, Defendant requested a protective order because Plaintiff sought to depose a woman who had also obtained a harassment restraining order against him, an order which included

> a finding that [he] followed, pursued, or stalked [her]; made harassing phone calls to [her]; frightened [her] with threatening behavior; and committed acts of harassment since a previous restraining order was issued in August 2018.

ECF No. 57 at 3 (quotation omitted); *see* ECF No. 52-1 at 1.  Expressing concern that Plaintiff was attempting "to circumvent by a different method the protection intended in the previously issued restraining order," ECF No. 57 at 3, the Court granted Defendant's request, prohibiting the deposition "absent further order of the Court," ECF No. 57 at 4.  Shortly thereafter, Plaintiff sent communications to Defendant's counsel stating he would not settle this matter unless this woman served as his personal care assistant.  Ex. 39 to Aff. of Christopher Kalla ("Second Kalla Aff."), ECF No. 75-1; *see* Exs. 38, 40 to Second Kalla Aff., ECF No. 75-1.  *See* Fed. R. Evid. 408(b); *Weems v. Tyson Foods, Inc.*, 665 F.3d 958, 966 (8th Cir. 2011).

9

Further, the record contains additional communications from Plaintiff illustrating his apparent use of this litigation as a vehicle to carry out a personal vendetta against Defendant, demanding payment while threatening public disparagement of Defendant's business and seemingly extrajudicial action for sport. *See, e.g.*, Exs. 30-37 to Second Kalla Aff., ECF No. 75-1; *see also* Ex. 38 to Second Kalla Aff., ECF No. 75-1. *See* Fed. R. Evid. 408(b); *Weems*, 665 F.3d at 966.

As noted above, some courts have conditioned a dismissal without prejudice on the payment of fees and costs. Even if Plaintiff were able to reimburse Defendant, such payment would not assuage this Court's concern that Plaintiff has utilized this litigation as a means to perpetuate a campaign of harassment against Defendant and those associated with Defendant nor likely prevent Plaintiff from doing so in the future. The Court's concern is heighted by Plaintiff's apparent failure to respond timely to discovery, which forms the basis of Defendant's motion. Despite repeated requests, reminders, and urging by Defendant over a period of eight months, Plaintiff appears to have failed to respond timely to discovery (when he responded at all), thereby hampering Defendant's ability to investigate and defend against Plaintiff's allegations. *See* Def.'s Mem. in Supp. at 7-9, 10-11; *see, e.g.*, ECF Nos. 9, 10 to Aff. of Christopher Kalla, ECF No. 70-1 (resending December 27, 2019 discovery requests on March 9 and 26, 2020); ECF Nos. 6 (Feb. 3, 2020), 7 (Feb. 7, 2020), 8 (Mar. 9, 2020), 12-14 (July 1, 2020), 15 (July 6, 2020), 16-19 (July 24, 2020), 20-24 (Aug. 3, 2020), 25 (Aug. 5, 2020), 26 (Aug. 21, 2020), 27 (Aug. 28, 2020) (communications regarding outstanding discovery).

Olson's restricted-filer status in at least two different courts combined with the

cursory explanations of his reasons for dismissal are similarly indicative of his intent to abuse the legal process. While such a finding is not needed in this case to support dismissal with prejudice, it reinforces the need for such a dismissal to ameliorate at least to some extent the prejudice to Defendant.

Accordingly, the prejudice to Defendant weighs heavily against dismissal without prejudice.

### C. Conclusion

In sum, absent any indication Plaintiff wishes to continue litigating his claims at a later date, the Court has construed his motion as requesting dismissal of this matter with prejudice. And, even if Plaintiff had requested dismissal without prejudice, two of the three factors (one of them heavily) weigh against dismissing this matter without prejudice. Therefore, for the reasons stated above, the Court recommends that (a) Plaintiff's motion be granted in part as to his request to dismiss this litigation and otherwise denied in part; (b) Defendant's motion be granted in part to the extent it seeks dismissal of this litigation with prejudice and otherwise denied in part; and (c) this matter be dismissed with prejudice.

[Continued on next page.]

### III. RECOMMENDATION

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss Pursuant to Rules 37, 41, and 56, ECF No. 67, be **GRANTED IN PART** to the extent it requests dismissal with prejudice and otherwise **DENIED IN PART**.

2. Plaintiff's Motion to Withdraw Case, ECF No. 72, be **GRANTED IN PART** as to his request to dismiss this matter and otherwise **DENIED IN PART**.

3. This matter be **DISMISSED WITH PREJUDICE**.


Dated: March  30 , 2021               *s/ Tony N. Leung*
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota


                                      *Olson v. Skateville, Inc.*
                                      Case No. 19-cv-352 (DWF/TNL)


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).